IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HOWELL E. CAMP, )
)
Plaintiff, )
) No. 11 CV 4794
v. )
) Hon. Charles R. Norgle
CAROLYN W. COLVIN,[1] Commissioner )
of Social Security, )
)
Defendant. )

## OPINION AND ORDER

Before the Court is Plaintiff Howell E. Camp's ("Camp") Motion for Summary Judgment, seeking review of Defendant Commissioner of Social Security Carolyn W. Colvin's (the "Commissioner") decision to deny Camp's request for Social Security Disability benefits. For the following reasons, Camp's motion is granted. The case is remanded to the Social Security Administration for further proceedings consistent with this Opinion.

### I. BACKGROUND[2]

Camp filed an application for supplemental social security income on January 22, 2008, and an application for disability insurance benefits on February 5, 2008. In both applications, he alleged that his disability began on September 30, 2007. After his claims were denied, Camp requested a hearing.

Camp alleges both physical and mental impairments in support of his claim for disability benefits including, but not limited to: blindness in his left eye, intermittent blurred vision in his

---

[1] The Court notes that Michael J. Astrue is no longer the Commissioner of Social Security. The current Commissioner of Social Security is Carolyn W. Colvin. Therefore, pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is automatically substituted for Michael J. Astrue in the instant action.
[2] The following background information is taken from the Administrative Record on file, which includes Camp's extensive medical history.

right eye with evidence of glaucoma, sleep apnea, narcolepsy, high blood pressure, numbness in his left hand, pain through his left elbow and forearm due to an ulnar nerve injury at the elbow, sarcoidosis, depression, anxiety, problems concentrating, memory loss, and obesity.

Following Camp's applications, his records were reviewed by two State agency physicians on February 28, 2008 and June 6, 2008, and both physicians opined that Camp could perform medium exertional work, but noted the limitations in his vision due to his left eye blindness. Also, on December 8, 2008, Camp was referred to a clinical psychologist for a neuropsychology evaluation after he reported suffering from memory loss. Following the evaluation, the doctor noted that Camp's memory decline is more likely related to his "underlying depression, anxiety, and concerns about various psychological stressors" as opposed to a cognitive impairment. Administrative Record 303 [hereinafter AR].

With regard to his mental impairments, Camp began seeing his treating psychologist from the Veteran's Administration, Dr. Robert H. Derden, PhD ("Dr. Derden"), on July 24, 2008. Camp continued with treatment for his mental and emotional issues, and at one point, Dr. Derden noted that Camp reported "having uncontrollable racing thoughts of wanting to inflict harm to others" and that it was not the first time that it had happened. Id. at 524. On February 25, 2010, Dr. Derden prepared a Medical Disorders Report. Camp was diagnosed with Depressive Disorder, Anxiety Disorder, and Adjustment Disorder (secondary to sleep apnea). His symptoms include anhedonia, sleep disturbance, decreased energy, difficulty concentrating/thinking, and feelings of guilt or worthlessness. Id. at 258. Dr. Derden also notes the following: that Camp "has anger management issues"; that he has a "minimal threshold for coping" with supervisors, co-workers, and the public; that he is estranged from his family and tends to "isolate"; and that his blindness causes problems with stress and productivity demands.

2

Id. at 256. While Dr. Derden reports that Camp has "stabilized with therapeutic intervention," he lists Camp's prognosis as "guarded" given his physical and mental impairments and "lack of social supports." Id. at 257. Ultimately, Dr. Derden concludes that, in his opinion, Camp is unable to function in a competitive work setting on a full-time basis. Id.

On March 9, 2010, a hearing was held before an administrative law judge ("ALJ") to determine disability. An impartial vocational expert, Susan A. Entenberg, was present and provided testimony. Camp also appeared and testified, but was not represented by counsel or other representative. On the day of the hearing, Camp signed a written form titled "Decision to Proceed Without Representation."

On April 15, 2010, the ALJ found that Camp was not disabled because he was capable of performing his past relevant work as a mail processor or sorter. Camp filed an appeal with the Appeals Council, which denied his relief on June 16, 2011. Accordingly, the ALJ's decision became the final decision of the Commissioner. Camp now seeks judicial review of the Commissioner's decision. Camp's motion for summary judgment is fully briefed and before the Court.

## II. DISCUSSION

### A. Standard of Decision

"Judicial Review of Administrative decisions under the Social Security Act is governed by 42 U.S.C. § 405(g)." Allord v. Astrue, 631 F.3d 411, 415 (7th Cir. 2011). "When . . . an ALJ's decision constitutes the final action of the Social Security Administration, the reviewing district court examines the ALJ's decision to determine whether substantial evidence supports it and whether the ALJ applied the proper legal criteria." Id. This is a deferential standard. Eichstadt v. Astrue, 534 F.3d 663, 665 (7th Cir. 2008). "Substantial evidence is 'such relevant

3

evidence as a reasonable mind might accept as adequate to support a conclusion . . . . When reviewing for substantial evidence, [courts] do not displace the ALJ's judgment by reconsidering facts or evidence or making credibility determinations.'" Castile v. Astrue, 617 F.3d 923, 926 (7th Cir. 2010) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

"In rendering [a] decision, the ALJ must 'build a logical bridge from the evidence to his conclusion, but he need not provide a complete written evaluation of every piece of testimony and evidence." Shideler v. Astrue, 688 F.3d 306, 310 (7th Cir. 2012) (quoting Schmidt v. Barnhart, 395 F.3d 737, 744 (7th Cir. 2005)). The Court "will uphold a decision so long as the evidence supports it and the ALJ explains her analysis of that evidence with 'enough detail and clarity to permit meaningful appellate review.'" Eichstadt, 534 F.3d at 665-666 (quoting Briscoe ex rel. Taylor v. Barnhart, 425 F.3d 345, 351 (7th Cir. 2005)).

## B. Review of the Commissioner's Determination that Camp is Not Disabled

### *1. Invalid Waiver of Representation*

An applicant for disability benefits or social security income has a statutory right to be represented by counsel or other representative at his or her disability hearing. 42 U.S.C. § 406; Skinner v. Astrue, 478 F.3d 836, 841 (7th Cir. 2007). The right to representation or counsel, however, can be waived if the ALJ obtains a valid waiver. In obtaining a valid waiver, an ALJ "must explain to pro se claimants '(1) the manner in which an attorney can aid in the proceedings, (2) the possibility of free counsel or a contingency arrangement, and (3) the limitation on attorney fees to 25 percent of past due benefits and required court approval of the fees.'" Skinner, 478 F.3d at 841 (quoting Binion v. Shalala, 13 F.3d 243, 245 (7th Cir. 1994)).

Although Camp signed a "Decision to Proceed Without Representation" on the day of the hearing, the ALJ did not go over the provisions of the waiver, or further advise Camp of his

statutory right to representation and how a representative could benefit him at the hearing. During his opening remarks, the ALJ stated: "The claimant is present, he has appeared without representation and I take it that he has executed a request to have a hearing without representation and thereby waiving his right to be represented. Although he has been made aware of that right, is that correct?" AR at 23. Camp merely responded "Yes." Id. Shortly thereafter, the ALJ confirmed that Camp's prior counsel had withdrawn and that, although Camp had been "in dialog" with another attorney, the attorney ultimately did not represent Camp because "he had another case on the same day" as Camp's hearing. Id. at 24.

The ALJ did not make any further inquiry regarding Camp's representation or waiver. Instead, the ALJ assumed, without question, that Camp understood the provisions of the written waiver simply because he signed it and appeared at the hearing without counsel. Because the ALJ failed to discuss any of the three requirements for waiving counsel with Camp, the Court finds that the waiver of counsel was invalid. See Hodes v. Apfel, 61 F. Supp. 2d 798, 811 (N.D. Ill. 1999) (finding an invalid waiver where ALJ merely asked if claimant wanted to proceed without counsel and failed to explain the requirements for a valid waiver); Gaston v. Astrue, No. 10 C 7447, 2011 WL 6338806, at *6 (N.D. Ill. Dec. 16, 2011) (finding an invalid waiver of counsel when the ALJ failed to go over all three of the waiver requirements). This does not end the inquiry, however. "A claimant is not entitled to a remand based on inadequate notice of the right to representation unless the ALJ did not develop a full and fair record." Binion, 13 F.3d at 245.

### 2. *Failure to Meet Heightened Duty to Fully and Fairly Develop the Record*

"If the ALJ fails to obtain a valid waiver of counsel, his duty to [fully and fairly] develop the record is heightened, and he must 'scrupulously and conscientiously probe into, inquire of,

5

and explore for all relevant facts.'" Million v. Astrue, 260 F. App'x 918, 921 (7th Cir. 2008) (quoting Skinner, 478 F.3d at 841-42). In addition, if a valid waiver is not obtained, "the burden is then on the Commissioner to show that the ALJ adequately developed the record, and there is no presumption that the claimant has presented his or her best case before the ALJ." Id. "[A] significant omission is usually required before [a] court will find that the Secretary failed to assist *pro se* claimants in developing the record fully and fairly." Luna v. Shalala, 22 F.3d 687, 692 (7th Cir. 1994).

Furthermore, "when a claimant is both unrepresented *and* suffers from a mental impairment . . . the ALJ's duty to carefully develop the record is even greater." Thompson v. Sullivan, 933 F.2d 581, 586 (7th Cir. 1991) (internal quotation marks and citation omitted). Where, as here, the claimant "was unrepresented by counsel—and mentally impaired to boot— the administrative law judge was supposed to try by questioning him to obtain all information relevant to his claim, . . . much like an investigating magistrate in a Continental legal system, rather than assume, as in an adversarial setting in which the plaintiff is pro se, that he is capable of providing the information that his lawyer, if he had one, would have elicited on direct examination." Spiva v. Astrue, 628 F.3d 346, 352 (7th Cir. 2010) (internal citations omitted).

The medical records show that Camp suffers from mental impairments to varying degrees. His treating psychologist diagnosed him with Depressive Disorder, Anxiety Disorder, and Adjustment Disorder. Camp's symptoms include, *inter alia*, tangential thought processes, difficulty understanding, impaired concentration, memory decline, and suicide attempts. Yet, the ALJ failed to meet his heightened burden to fully and fairly develop the record by "scrupulously and conscientiously prob[ing] into, inquir[ing] of, and explor[ing] for all relevant facts." Skinner, 478 F.3d at 841-42 (citation omitted).

With regard to Camp's mental health, the ALJ merely asked Camp when he began treatment for depression and discussed only one medication, Bupropion, which Camp took for treatment. The inquiry was then side-tracked by a lengthy discussion of eye drops and the ALJ never returned for further questioning regarding any of Camp's alleged mental disorders and symptoms. The ALJ spent more time discussing Camp's pet catfish. See AR at 42-43, 47-49 (discussing Camp's depression and relevant treatment for approximately 1 page and discussing his pet catfish for approximately 2.5 pages). This constitutes a "significant omission" in light of the fact that the vocational expert agreed, assuming as true the limitations described by Camp's treating psychologist, that there would be no jobs that Camp would be able to perform due to his mental impairments. See id. at 59.

In addition, the ALJ failed to develop the record regarding the numbness in Camp's hand and his past work as a mail sorter or processor. The ALJ did not ask any further questions after Camp mentioned that his hand was numb, but he could still use it. Id. at 54. Specifically, the ALJ failed to uncover that Camp is only able to use his hand so long as he is looking at it, preventing him from seeing anything else—which is why, Camp argues, that he left his employment as a mail sorter, because he could not safely operate the machinery while watching his hand. See Pl.'s Mem. in Supp. of Summ. J. Mot. 12. This too, constitutes a "significant omission" because, ultimately, his disability petition was denied after the ALJ found that Camp could perform his former work as a mail sorter.

Because there was an invalid waiver of counsel, the ALJ had a heightened duty to develop the record at Camp's hearing, which he did not meet. The ALJ's failure to "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts" resulted in significant omissions in the record regarding Camp's mental impairments and past

7

relevant work. Skinner, 478 F.3d at 841-42 (citation omitted). Therefore, this matter is remanded to the Social Security Administration for further inquiry into Camp's mental impairments and physical impairments relating to his past relevant work. See Butzen v. Astrue, No. 10 C 7941, 2011 WL 3898036, at *6 (N.D. Ill. Sept. 6, 2011) (remanding to the Social Security Administration when ALJ failed to fully and fairly develop the record). Accordingly, the Court need not address Camp's remaining arguments. The Court expresses no opinion as to the ultimate determination of disability on remand.

### III. CONCLUSION

For the foregoing reasons, Camp's Motion for Summary Judgment is granted. This matter is remanded to the Social Security Administration for further proceedings consistent with this Court's Opinion.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: June 11, 2013